**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ISMEL MAYORGA ESPANA, Petitioner, | : | |
| v. | : | No. 2:26-cv-5806 |
| MARKWAYNE MULLIN, *et al.*, Respondents. | : | |

**O R D E R**

**AND NOW,** this 21st day of August, 2026, upon consideration of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1;[1] the Government's Response in Opposition, ECF No. 4;[2] Petitioner's Reply, ECF No. 5; for the reasons set forth in this Court's

[1] Petitioner Ismel Mayorga Espana, a Honduran national, "entered the United States without inspection several years ago[,]" and "has lived peacefully in the interior of the United States for several years." *See* Pet. at 2, 4, ECF No. 1. "Several days ago [from the filing of the Petition on August 13, 2026], he was detained by [Immigrations and Customs Enforcement ("ICE")] in Upper Darby, Pennsylvania." *Id.* at 2. He is "currently detained" at the Federal Detention Center in Philadelphia. *See id.* at 3; *see also* ECF No. 1-1 (the detention information from ICE). Mayorga Espana "has been placed in removal proceedings before the Elizabeth Immigration Court." Pet. at 6; *see also* ECF No. 1-2 (the removal proceeding docket noting a master hearing before Immigration Judge Tamar H. Wilson on August 27, 2026). He "is charged under [Immigration and Nationality Act ("INA")] § 212(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled, or who arrived at a time or place other than as designated by the Attorney General." Pet. at 6. He has not had "the opportunity to request bond." *Id.* at 2. He filed the instant habeas Petition on August 13, 2026. *See id.* He alleges that his detention violates: (1) the INA; (2) Fifth Amendment due process; (3) the Administrative Procedure Act ("APA"); and (4) the Suspension Clause (U.S. Const. Art. I § 9, cl. 2). *See id.* ¶¶ 29-32.

[2] On August 20, 2026, the Government filed a Response, arguing that the Court should deny habeas relief for the reasons set forth in its responses filed in hundreds of these cases in the Eastern District of Pennsylvania. *See* Resp. 1-2, ECF No. 4. Such responses have argued, *inter alia*, that (1) the petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); (2) the detention does not violate Constitutional due process; (3) neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction; and (4) exhaustion is not required. *See, e.g.* No. 2:25-cv-06518 at ECF No. 7. The Government also maintained that "[o]n July 12, 2026, [Mayorga Espana] was arrested by the Upper Darby Township Police Department and charged with fleeing to elude a police officer and driving a motor vehicle without a valid driver's license." Resp. 2; *see also* ECF No. 4-1. The exhibit noted that ICE detained Mayorga Espana on August 11, 2026. *See*

Opinions issued in *Restrepo v. Jamison*, No. 2:25-cv-06518 at ECF No. 16 (E.D. Pa. Jan. 20, 2026) and *Mirdjalilov v. Fed. Det. Ctr. Phila*, No. 2:25-cv-07068 at ECF No. 9 (E.D. Pa. Jan. 23, 2026), which are incorporated in their entireties herein;[3] **IT IS ORDERED THAT**:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED in part**,[4] as follows:

   A. Petitioner Ismel Mayorga Espana is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

   B. **Within seven (7) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a); and

   C. If a bond hearing is not held before an Immigration Judge within seven (7) days, the Government shall immediately RELEASE Petitioner from ICE custody.

2. The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_________
JOSEPH F. LEESON, JR.
United States District Judge

---

ECF No. 4-1. The Government did not know the disposition of the charges against Mayorga Espana. *See* Resp. 2. The Government did not "argue that his criminal convictions provide the legal basis for detention." *Id.*

3 These opinions addressed similar habeas claims and rejected the Government's arguments. These opinions are only two of dozens of analogous cases decided in this District. In a manner consistent with other recent decisions in this District, this Court found that the petitioners' continued detentions without a bond hearing violated the INA and Fifth Amendment due process protections and that such petitioners—*i.e.*, aliens who had been present in the United States for several years leading up to their detention—were not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2). The Court also found in these opinions that it has jurisdiction over such actions pursuant to 28 U.S.C. § 2241, that neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction, and that exhaustion is not required.

4 Mayorga Espana's continued detention without a bond hearing violates the INA. As he is entitled to habeas relief on this basis, the Court will not reach the merits of his claims based on violations of the APA and due process. Because the Petition seeks relief in the form of immediate release, it is granted in part, by first ordering a bond hearing, and then ordering his immediate release if a bond hearing is not timely provided. To the extent he seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), his request is denied for the reasons set forth in the Opinion issued in *Moreno Ramirez v. Jamison, et al.*, No. 2:25-cv-07346 at ECF No. 15 (E.D. Pa. July 13, 2026), which is incorporated herein.